**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SHERRY SPURLIN                                          CIVIL ACTION

VERSUS                                                  NO. 16-12692

CHRISTWOOD, LLC                                         SECTION "B"(1)

ORDER AND REASONS

Before the Court is "Defendant's Motion to Dismiss
Plaintiff's First Amended Complaint Brought Pursuant to Fed. R.
Civ. P. 12(b)(6)." Rec. Doc. 12. Plaintiff filed a response
memorandum (Rec. Doc. 13) essentially adopting an earlier
opposition (Rec. Doc. 8) to Defendant's withdrawn motion to dismiss
(Rec. Doc. 5). Defendant then requested (Rec. Doc. 14), and this
Court granted (Rec. Doc. 15), leave to file a reply memorandum
(Rec. Doc. 16). For the reasons outlined below,

**IT IS ORDERED** that the motion to dismiss is **GRANTED.**

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Sherry Spurlin's ("Plaintiff")
employment with, and subsequent termination from, Christwood
("Defendant"), a Louisiana non-profit corporation. Plaintiff began
working for Defendant in September 2013. Rec. Doc. 7 at ¶ 5. Prior
to her employment, in 2010, Plaintiff started to serve as an
"Individual Assistance Reservist" for the Federal Emergency
Management Association ("FEMA"). *Id.* at ¶ 6.

1

To manage national emergencies, FEMA sometimes deploys the National Disaster Medical System ("NDMS"). Rec. Doc. 7 at ¶ 7. "When NDMS reservists are deployed, Plaintiff is deployed alongside them as part of the National Disaster Recovery Framework ("NDRF"). *Id.*

In March of 2016, Plaintiff was deployed "to assist with emergency management as a result of flooding in the Baton Rouge area." Rec. Doc. 7 at ¶ 9. On March 16, 2016, Plaintiff requested a leave of absence from Defendant for the 30-day period between March 22, 2016 and April 21, 2016. *Id.* Plaintiff was scheduled to return from leave and resume her full-time duties with Defendant on April 25, 2016, but on April 21, 2016 she requested that her leave be extended to June 15, 2016. *Id.* at ¶¶ 10-11. On April 26, 2016, Defendant informed Plaintiff that her "deployment would put too much of a burden on the staff." *Id.* at ¶ 12. Plaintiff was terminated "voluntarily" due to her "failure to return" from leave. *Id.*

On July 12, 2016, Plaintiff filed suit against Defendant. Rec. Doc. 1. On September 14, 2016, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Rec. Doc. 5. However, Plaintiff filed an opposition (Rec. Doc. 8) and an amended complaint (Rec. Doc. 7) on September 27, 2016. Consequently, Defendant withdrew its first motion to dismiss. Rec. Docs. 9, 10. On October 10, 2016, Defendant filed the instant

motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6). Rec. Doc. 12.

## II.   **THE PARTIES' CONTENTIONS**

In her amended complaint, Plaintiff asserts that she is an "intermittent disaster-relief appointee." Rec. Doc. 7 at ¶ 6. More specifically, she claims that she is in the "category of persons designated by the President in time of war or national emergency" and therefore is covered by the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). *Id.* at ¶ 8. Plaintiff alleges that "Defendant terminated [her], and/or discontinued her benefits, and/or failed to reinstate her after her leave, all in violation of [the] USERRA." *Id.* at ¶ 13.

In its motion to dismiss, Defendant argues that Plaintiff has failed to allege any facts "to support her contention that she is protected under [the] USERRA." Rec. Doc. 12 at ¶ 2. According to Defendant, the USERRA (1) prohibits employment discrimination against a member of a "uniformed service" and (2) provides reemployment rights to any person whose absence is necessitated by reason of a person's "service in the uniformed services," and Plaintiff has not shown that she is a member of either of these two groups. Rec. Doc. 12-1 at 5-6.

Plaintiff's memorandum in opposition (Rec. Doc. 13) simply refers this Court to her earlier opposition (Rec. Doc. 8), in which Plaintiff argues that "Defendant offers no support . . . for its

claim that FEMA reservists not deployed pursuant to [the] NDMS are definitely not covered by the protections of [the] USERRA." Rec. Doc. 8 at 3.

### III. <u>LAW AND ANALYSIS</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party can move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Such motions are viewed with disfavor and rarely granted. *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)). Nonetheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, when reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

In this case, two sections of the USERRA may apply to Plaintiff. *See Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 545 (5th Cir. 2013).

First, § 4312 provides that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services" is entitled to the reemployment rights and benefits enumerated in the USERRA. 38 U.S.C. § 4312(a) (emphasis added). The USERRA provides that "[t]he term 'service in the uniformed services' means the performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes" various activities required of members of the uniformed services. 38 U.S.C. § 4303(13) (emphasis added). Thus, § 4312 "protects a civilian employee who has been gone for a period of time on military duty, no matter how brief, and has not been reemployed because of that military service." *Bradberry*, 732 F.3d at 546. Nonetheless, the Public Health Security and Bioterrorism Preparedness and Response Act of 2002 (the "PHSBPRA") amended the definition of "service in the uniformed services" to include "[s]ervice as an intermittent disaster-response appointee when the Secretary [of Health and Human Services] activates the National Disaster Medical System . . . ." 42 U.S.C. § 300hh-11(d)(3)(A); *see also* Pub. L. 107-188, June 12, 2002, 116 Stat 594. An "intermittent disaster-response appointee" is an

individual appointed by the Secretary to serve as intermittent personnel of the NDMS. 42 U.S.C. §§ 300hh-11(c)(1), (d)(1).

Defendant correctly notes that "Plaintiff fails to allege that she served as an intermittent employee of the NDMS" or that "the NDMS was activated by the Secretary of Health and Human Services in connection with her FEMA service for the March 2016 flooding." Rec. Doc. 12-1 at 9-10 (citing Rec. Doc. 7 at ¶¶ 6-7). Further, Plaintiff fails to argue in her opposition that she qualifies for the protections of the USERRA because of her "service in the uniformed services" and she admits that she served as a "non-NDMS" FEMA reservist. Rec. Doc. 8 at 3. Consequently, it appears that Plaintiff is not claiming that she so qualifies. "By failing to advance any argument in opposition, the plaintiff apparently concedes this point." *Singletary v. Prudential Ins. Co. of Am.*, 105 F. Supp. 3d 627, 634 (E.D. La. 2015). Plus, based on the statutory definitions and her failure to allege that she is an intermittent employee of the NDMS or that the NDMS was activated to respond to the flooding in Baton Rouge, it appears that Plaintiff would not so qualify. Accordingly, Plaintiff is not protected by the USERRA under § 4312.

Second, § 4311 provides that "[a] person who is a member of, . . . performs, . . . or has an obligation to perform service <u>in a uniformed service</u> shall not be denied . . . reemployment [or] retention in employment . . . on the basis of that membership, .

6

. . performance of service, . . . or obligation." 38 U.S.C. §
4311(a) (emphasis added). The USERRA provides that "[t]he term
'uniformed services' means the Armed Forces, the Army National
Guard and the Air National Guard  . . . , the commissioned corps
of the Public Health Service, and any other category of persons
designated by the President in time of war or national emergency."
38 U.S.C. § 4303(16) (emphasis added).

Defendant argues that "Plaintiff makes the conclusory
allegation that her FEMA service falls under the USERRA definition
of 'uniformed services' and is, therefore, protected because she
falls within a 'category of persons designated by the President in
time of war or national emergency.'" Rec. Doc. 12-1 at 7 (citing
Rec. Doc. 7 at ¶ 8). Defendant correctly notes, however, that
"Plaintiff fails to allege the existence of any sort of designation
by the President that encompasses her FEMA service in connection
with the March 2016 flooding in the Baton Rouge area." *Id.* at 8.
"[I]n deciding whether dismissal is warranted, the Court will not
accept conclusory allegations in the complaint as true."
*Singletary*, 105 F. Supp. 3d at 633 (citing *Kaiser*, 677 F.2d at
1050). Indeed, "the Court must first identify allegations that are
conclusory and, thus, not entitled to the assumption of truth."
*Singletary*, 105 F. Supp. 3d at 633 (citing *Iqbal*, 556 U.S. at 678-
79). In response, instead of providing a factual basis for her
conclusory allegation, Plaintiff makes the convoluted argument

that "Congress's clarifications that reservists deployed under NDMS are definitely covered by USERRA does not state the opposite: that no other FEMA reservist can ever be considered a 'category of persons designated by the President' for purposes of USERRA protection." Rec. Doc. 8 at 3.[1]

Despite Plaintiff's allegation that Defendant failed to cite a single case in which a court "dismiss[ed] outright a well-pled USERRA Complaint brought by a non-NDMS deployed FEMA reservist[]," (Rec. Doc. 8 at 3), this Court has been unable to find a single case in which a court found that a non-NDMS deployed FEMA reservist was protected by the USERRA. If Congress sought to include reservists not deployed under the NDMS under the protections of the USERRA, they could have done so when they enacted the PHSBPRA. Instead, Congress specifically provided that "[s]ervice as an intermittent disaster-response appointee <u>when the Secretary activates the [NDMS]</u> . . . shall be deemed 'service in the uniformed services' for purposes of chapter 43 of Title 38 . . . ." 42 U.S.C. § 300hh-11(d)(3)(A) (emphasis added).

---

[1] Notably, Congress clarified in the PHSBPRA that "service in the uniformed services," <u>not</u> "uniformed services," includes certain qualified FEMA reservists. *See* 42 U.S.C. § 300hh-11(d)(3)(A); PL 107-188, June 12, 2002, 116 Stat 594. Plaintiff may be conflating the two categories (service in the uniformed services and uniformed services). Though, the mistake may be of no consequence. *See Smith v. City of Mobile*, No. 06-93, 2007 WL 2580516, *12 (S.D. Ala. Sep. 5, 2007) ("'Intermittent disaster-response personnel' . . . are considered members of the 'uniformed services' for the purposes of USERRA during those periods of time when the National Disaster Medical System is activated and Disaster Medical Assistance Teams are deployed.") (citing 42 U.S.C.A. § 300hh-11(e)(3)(A); 38 U.S.C.A. § 4303(16)).

"The 'strong presumption' that the plain language of the statute expresses congressional intent is rebutted only in 'rare and exceptional circumstances,' when a contrary legislative intent is clearly expressed." *Ardestani v. I.N.S.*, 502 U.S. 129, 135-36 (1991) (internal citations omitted). Plaintiff merely argues that "[g]iven the 'liberal' construction to be given to USERRA – particularly in this state, at this time, for FEMA deployment due to flooding – Defendant's Motion to Dismiss is due to be denied." Rec. Doc. 8 at 3. However, "[v]ague notions of a statute's 'basic purpose' are . . . inadequate to overcome the words of its text regarding the *specific* issue under consideration." *Montanile v. Bd. of Trs. Of Nat. Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651, 661 (2016) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 261 (1993)). Consequently, Plaintiff has failed to show that she is entitled to the protections of the USERRA under § 4311.

Even though the USERRA "is to be liberally construed for the benefit of those who [leave] private life to serve their country" (*Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1238 (11th Cir. 2005) (internal citations omitted)), this Court cannot read into the statute that which is not written. This Court simply "lack[s] the authority to rewrite the statute even if we believed that" other FEMA reservists were entitled to the protections of the USERRA. *Baker Botts, L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2169 (2015). "It is our function to give the statute the effect

9

its language suggests, however modest that may be; not to extend it to admirable purposes it might be used to achieve." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 270 (2010).[2]

**IV.   CONCLUSION**

For the reasons outlined above, we find that Plaintiff has failed to show that she is entitled to the protections of the USERRA and therefore has failed to state a claim upon which relief can be granted. Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED.**

New Orleans, Louisiana, this 2nd day of November, 2016.

SENIOR UNITED STATES DISTRICT JUDGE

---

[2] However, in fairness to disaster relief workers not presently covered by clear statutory language, Congress should revisit this issue for such workers, given their valuable services on local, state, and federal levels.